UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN NGEHSI NEWANFORBI, | Case No. 2:26-cv-00983-DC-CSK (PS) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |
| v. | |
| DIANA CANDELARIA, in her individual capacity, | |
| Defendant. | (ECF No. 2) |

Plaintiff Brendan Ngehsi Newanforbi is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit is insufficient.

I.    **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty").

## II.    DISCUSSION

Plaintiff's IFP application indicates he receives $0 in pay or wages. (ECF No. 2 at 1.) Plaintiff further avers he has $0 in his checking or savings account. *Id*. at 2 ¶ 4. Plaintiff answers "[n]one" when answering whether: Plaintiff owns "any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value;" Plaintiff has "[a]ny housing, transportation, utilities, or loan payments or other regular monthly expenses;" and Plaintiff provides support to "persons who are dependent on [him] for support" and how much Plaintiff contributes to their support. *Id.* at 2 ¶¶ 5-7. Plaintiff lists approximately $23,138 to $24,138 in "[a]ny debts or financial obligations." *Id*. at 2 ¶ 8. However, Plaintiff fails to disclose whether he receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," "Disability, or worker's compensation payments," "Gifts, or inheritances," or "Any other sources." *Id.* at 1 ¶¶ 3(a)-(f). Because of these omissions, Plaintiff's IFP application fails to establish that he is entitled to prosecute this case without paying the required fees. The Court will provide Plaintiff an opportunity to file an amended IFP application. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form. *See Williams*, 443 F. App'x at 233.

///

III.    **CONCLUSION**

For the reasons explained above, IT IS HEREBY ORDERED that:

1.    Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice; and

2.    Plaintiff may file his renewed IFP application within thirty (30) days from the date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

Dated:  April 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, newa.0983.26.ifp

3