UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN NGEHSI NEWANFORBI, | Case No. 2:26-cv-00983-DC-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DIANA CANDELARIA, et al., | (ECF Nos. 4, 5) |
| Defendants. | |

Plaintiff Brendan Ngehsi Newanforbi is representing himself in this action.[1] Plaintiff initiated this action on March 19, 2026 and applied for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Because Plaintiff's affidavit was insufficient, the Court denied Plaintiff's IFP application without prejudice. 4/22/2026 Order (ECF No. 3). On April 29, 2026, Plaintiff filed a renewed IFP application and a First Amended Complaint ("FAC"). (ECF Nos. 4, 5.)

For the reasons that follow, the Court recommends Plaintiff's IFP application (ECF No. 4) be DENIED, and the FAC (ECF No. 5) be DISMISSED without leave to amend.

/ / /

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

**I.      MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id.* The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id.* "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id.* According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,960.00. *See* U.S. Dep't Health & Human Serv. (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff has made the required financial showing under 28 U.S.C. § 1915(a). (*See* ECF No. 4.) However, the Court recommends Plaintiff's IFP application be denied because the action is facially frivolous or without merit. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("[T]he district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit."); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a

2

motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's FAC that this action is frivolous or is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II.        SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's FAC warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id.* at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

## III.   THE FIRST AMENDED COMPLAINT

Plaintiff alleges that, on November 1, 2024 at about 12:55 a.m., he was parked on a dirt shoulder off the I-580 freeway in Livermore, California. FAC ¶ 5(a) (ECF No. 5). Plaintiff alleges two CHP officers approached Plaintiff's vehicle and began investigating a suspected DUI after looking into the vehicle windows and stating, "I think it's booze." *Id.* ¶¶ 16, 17(c), (e). The CHP officers subsequently arrested Plaintiff under California Vehicle Code ("CVC") § 40300.5 for purported violation of CVC § 23152(a), *i.e.*, driving under influence. *Id.* ¶¶ 5(b)-(d), 17(*l*).

Plaintiff alleges that he held a California Class A Commercial Driver's License ("CDL"), which was suspended after his arrest pursuant to CVC § 13353, which authorize license suspensions for failure to submit to or complete a chemical test. *Id.* ¶¶ 14, 27. On January 24, 2025, Plaintiff attended an Administrative Per Se hearing in front of Defendant Diana Candelaria, a Driver Safety Hearing Officer in the DMV's Legal Affairs Division, on review of Plaintiff's CDL suspension. *Id.* ¶¶ 5(i), 12, 31. On February 11, 2025, Defendant Candelaria issued a Notification of Findings and Decision sustaining Plaintiff's one-year CDL suspension from February 20, 2025 through February 19, 2026. *Id.* ¶ 32. Plaintiff alleges the suspension resulted in the loss of employment and has caused economic damages of at least $176,368 and non-economic damages of at least $150,000. *Id.* ¶¶ 14, 39(a)-(b).

## IV.   DISCUSSION

The FAC asserts three causes of action:  (1) 42 U.S.C. § 1983 against Defendant Candelaria, in her individual capacity, for deprivation of Plaintiff's right to procedural due process under the Fourteenth Amendment; (2) a claim for "declaratory relief" against

Defendant Steve Gordon, Director of the California DMV, in his official capacity; and (3) a claim for "injunctive relief" against Defendant Steve Gordon in his official capacity. *Id.* at 22-28.

### A.    § 1983 Claim Against Defendant Candelaria

Under the doctrine of judicial immunity, judges have absolute immunity for their acts related to the judicial process. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). A quasi-judicial immunity "is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" *In re Castillo*, 297 F.3d at 948 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). "'Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process,' including 'hearing officers and administrative law judges' when they are performing adjudicative functions." *Burnell v. Marin Humane Soc'y*, 2015 WL 4089844, at *3 (N.D. Cal. July 6, 2015) (quoting *Demoran*, 781 F.2d at 156). Judicial and quasi-judicial immunity is an immunity from suit and from an assessment of damages, and applies even when a judicial actor is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.

Plaintiff brings one claim against Defendant Candelaria, who is a "Driver Safety Hearing Officer within the DMV's Legal Affairs Division, Driver Safety Branch." FAC ¶ 12. Plaintiff alleges Defendant Candelaria "presided over Plaintiff's APS hearing on January 24, 2025, and issued . . . the Notification of Findings and Decision dated February 11, 2025, in APS Case No. 34739340." *Id.* Plaintiff's claims arise out of Defendant Candelaria's alleged procedural due process violations in presiding over Plaintiff's Administrative Per Se hearing and issuing a written decision on Plaintiff's CDL suspension. FAC ¶¶ 48(a)-(f). Thus, as alleged in the FAC, Defendant Candelaria's

actions were taken in the course of her official duties, which are essentially judicial in nature. Accordingly, Defendant Candelaria is immune from suit. *See Burrell v. Jackson*, 2003 WL 23545858, at *4 (E.D. Va. Apr. 21, 2003) (finding DMV hearing officer immune from suit arising from her role to investigate, declare, and enforce liabilities based on facts and law), *aff'd*, 96 F. App'x 892 (4th Cir. 2004); *Baker v. Bzydra*, 2019 WL 6619348, at *2 (D. Conn. Dec. 5, 2019) (holding defendant immune for actions taken in capacity as DMV hearing officer).

Plaintiff contends in the FAC that the quasi-judicial immunity exception should not apply for two reasons, both of which fail. First, Plaintiff argues that Defendant Candelaria lacked jurisdiction to hold the hearing because there was no lawful predicate arrest, which is required before a license may be suspended under CVC § 13353 for failure to submit to a chemical test. FAC ¶¶ 28, 49; *see* CVC §§ 13353, 23612. Plaintiff argues that under *Mercer v. Dep't of Motor Vehicles*, 53 Cal. 3d 753 (1991), a lawful DUI arrest requires observation of volitional movement of the vehicle. But *Mercer* does not apply because Plaintiff was arrested pursuant to CVC § 40300.5, *see* FAC ¶ 20, which was enacted in response to *Mercer* in order to "allow[] for the warrantless arrest for a misdemeanor driving while under the influence violation not committed in the arresting officer's presence." *People v. Nelson*, 200 Cal. App. 4th 1083, 1093 (2011). Alternatively, Plaintiff argues there was no lawful arrest because he was released with a certificate describing the action as a detention pursuant to California Penal Code § 849(b). FAC ¶¶ 23-26, 28, 49. California courts have squarely foreclosed this argument based on a "disappearing arrest." *Armondo v. Dep't of Motor Vehicles*, 15 Cal. App. 4th 1174, 1179 (1993) ("We hold an arrest, valid when made, remains a valid arrest for purposes of an administrative per se license suspension, even though the driver is subsequently released pursuant to Penal Code section 849, subdivision (b).").

Second, Plaintiff argues that Defendant Candelaria acted in a prosecutorial, non-judicial role by "ignoring exculpatory evidence, ratifying false testimony, and issuing a decision defending police conduct rather than neutrally evaluating the record." FAC ¶ 50.

Plaintiff has not alleged fact specifying what exculpatory evidence was ignored, what testimony was false, or how the hearing determination lacked neutrality other than by rendering an adverse consequence to Plaintiff.[2] These conclusory allegations do not establish Defendant Candelaria acted in a prosecutorial role during Plaintiff's Administrative Per Se hearing.

Accordingly, Plaintiff's § 1983 claim against Defendant Candelaria in her individual capacity fails because Defendant Candelaria is entitled to quasi-judicial immunity for her official actions.

**B.      Claims Against Defendant Gordon**

The FAC asserts two claims against Defendant Gordon in his official capacity for "declaratory relief" and "injunctive relief" based on purported violations of Plaintiff's Fourteenth Amendment due process rights. FAC ¶¶ 52-59.

1.      Eleventh Amendment Immunity

"The Eleventh Amendment prohibits suits for damages, declaratory relief, or injunctive relief against a state or its agencies for legal or equitable relief unless the state has waived its immunity or Congress has specifically overridden sovereign immunity." *Alexander v. California Dep't of Motor Vehicles*, 2019 WL 4194128, at *6 (N.D. Cal. Sept. 4, 2019) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "The Eleventh Amendment [also] bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State*, 465 U.S. at 101 (citation and internal quotation marks omitted). "As a state agency, the California Department of Motor Vehicles is immune from suit in federal court under the Eleventh Amendment." *Korostelev v. California Dep't of Motor Vehicles*, 2025 WL 2636309, at *2 (E.D. Cal. Sept. 12, 2025). Here, because Plaintiff brings suit against Defendant Gordon in his

---

[2]  The only exculpatory evidence Plaintiff contends Defendant Candelaria ignored is that the CHP officers had identified a cup in Plaintiff's vehicle containing urine. FAC ¶ 33. It is unclear how that fact would "directly contradict[]" the officers' sworn testimony that they smelled the "odor of an alcoholic beverage" in the vehicle or any other evidence purporting to establish probable cause for Plaintiff's arrest. *See id.* ¶¶ 18, 33.

official capacity as Director of the California Department of Motor Vehicles, Plaintiff effectively brings suit against the California Department of Motor Vehicles. Thus, the Eleventh Amendment bars Plaintiff's claims. *See Korostelev*, 2025 WL 2636309, at *2.

### 2. *Ex Parte Young* Exception

Under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions "where prospective relief is sought against individual state officers in a federal forum based on a federal right." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276-77 (1997). Here, Plaintiff argues his claims against Defendant Gordon meet the *Ex Parte Young* exception to Eleventh Amendment immunity. This argument fails because Plaintiff has not alleged sufficient facts to establish his standing to seek prospective declaratory and injunctive relief. To have standing to seek prospective relief, a plaintiff "must allege either 'continuing, present adverse effects' due to [his] exposure to [d]efendants' past illegal conduct," *Villa v. Maricopa County*, 865 F.3d 1224, 1229 (9th Cir. 2017) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)), or "a sufficient likelihood that [he] will again be wronged in a similar way," *id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Here, Plaintiff alleges he received a one-year CDL suspension effective through February 19, 2026, a $125 reissue fee, and "a three-year SR-22 financial-responsibility requirement under CVC section 16430." FAC ¶ 32(f). These alleged harms do not establish "continuing, present adverse effects" requiring prospective injunctive relief. *See Villa*, 865 F.3d at 1229. As to the "financial-responsibility requirement," any injunction would be moot because the California Vehicle Code requires evidence of financial responsibility to be maintained by owners and drivers "at all times." CVC § 16020(a). Plaintiff also has not alleged any facts showing a likelihood that he will attend another Administrative Per Se hearing in front of a DMV hearing officer in the future. Thus, Plaintiff has not established that the *Ex Parte Young* exception applies.

### 3. Failure to State a Constitutional Claim

Even if *Ex Parte Young* were to apply, Plaintiff's allegations in general fail to state

a constitutional claim. Plaintiff has not alleged any facts establishing a violation of his Fourteenth Amendment due process rights. He relies primarily on allegations that during his Administrative Per Se hearing, Defendant Candelaria acted as both a judge and advocate for the DMV, thereby adopting the "dual-role APS framework" that "had been judicially condemned in three separate [California] appellate decisions." FAC ¶ 37 (citing *California DUI Laws. Assn. v. Dep't of Motor Vehicles*, 77 Cal. App. 5th 517 (2022); *Knudsen v. Dep't of Motor Vehicles*, 101 Cal. App. 5th 186 (2024); *Clarke v. Gordon*, 104 Cal. App. 5th 1267 (2024)), ¶ 53(a). However, whether an Administrative Per Se hearing officer acts in a dual adjudicative and advocacy role is a case-by-case determination. *Knudsen*, 101 Cal. App. 5th at 207 ("The analysis will necessarily depend on the unique facts of each hearing."). Plaintiff has not alleged non-conclusory facts creating a reasonable inference that Defendant Candelaria acted in a dual role during the Administrative Per Se hearing. *Cf. Clarke*, 104 Cal. App. 5th at 1277 (holding that hearing officer performed dual roles where hearing officer "marshalled, identified, and offered into evidence the DMV's exhibits. . . overruled Clarke's objections . . . [and] rigorously cross-examined Clarke"). Further, to the extent Plaintiff alleges constitutional violations based on Administrative Per Se hearing procedures that applied "an effectively irrebuttable presumption of regularity to law enforcement reports," disregarded Plaintiff's detention certificate, or "ignore[d] dispositive evidence without reasoned analysis," FAC ¶¶ 53(a)-(d), Plaintiff's conclusory allegations likewise fail.

### C.    Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the FAC is without merit and that Defendants are immune from suit. *See generally* FAC. Although Plaintiff has already amended his complaint once, the FAC does not contain facts supporting any cognizable legal claim against Defendants. In light of the FAC's deficiencies, granting leave to amend would be futile. The Court further notes that Plaintiff has filed other complaints in this district court that are pending dismissal for failure to state a claim. *See Newanforbi v. California*, 2026 WL 1067541 (E.D. Cal. Apr.

20, 2026) (recommending dismissal without leave to amend because "the Complaint does not present a non-frivolous claim"). Finally, the FAC appears to be "a pretext for this Court to review actions which should be reviewed in an appropriate state court. Plaintiff has the right to appeal the DMV's decision through the state system. Instead he chose to file this action in federal court." *Burrell*, 2003 WL 23545858, at *3. The FAC should therefore be dismissed without leave to amend and without prejudice to filing an appropriate action in state court. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be DENIED;

2.    Plaintiff's First Amended Complaint (ECF No. 5) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, newa.0983.26

10